RECEIVED
OCT 0 9 2020

HedgerFriend, PLLC

CLE... OF THE
DISTRICT COURT
... MARTIN

2019 MAY 7 PM 3 47

FILED
BY _____
DEPUTY

1  Jon M. Moyers
   MOYERS LAW P.C.
2  3936 Avenue B, Suite D
   Billings, Montana 59102
3  Telephone: (406) 655-4900
   Facsimile: (406) 655-4905
4  jon@jmoyerslaw.com

5  Kathryn Kohn Troldahl
   KOHN LAW, P.A.
6  P.O. Box 390074
   Minneapolis, MN 55439
7  763-259-3686 (work)
   612-597-3899 (cell)
   888-519-3472 (fax)
8  kohnkathryn1@gmail.com

9  Attorneys for Plaintiff

10           MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
                          YELLOWSTONE COUNTY

11  TERRY ROD,                         )   Cause No. DV 19-0542
                                       )
12              Plaintiff,             )   JUDGE  Jessica T. Fehr
                                       )
13       vs.                           )   COMPLAINT AND DEMAND FOR
                                       )   JURY TRIAL
14  BNSF RAILWAY COMPANY, a Delaware   )
    corporation,                       )
15                                     )
                Defendant.             )

16       COMES NOW Plaintiff Terry Rod ("Plaintiff"), by and through his undersigned

17  attorneys of record, Jon M. Moyers and Kathryn Kohn Troldahl, and for his cause of action

18  against the Defendant BNSF Railway Company ("Defendant"), alleges as follows:

19       1.     Plaintiff is a resident of Glendive, Montana.

20       2.     Plaintiff has physical restrictions or limitations related to a hereditary condition

21  that affects his lower extremities.

22       3.     Prior to Defendant's disability discrimination as alleged herein, Plaintiff had

23  worked for Defendant as a machinist in its Glendive Diesel Shop since 1994. From

24  Complaint
    Page 1                          EXHIBIT           KOHN LAW, P.A.
                                                      P.O. Box 390074
25                                     A              Minneapolis, MN 55439

1  approximately 2007 to May 2017, Defendant had reasonably accommodated Plaintiff's physical restrictions and disability at its Glendive Diesel Shop.

4. Defendant is a Delaware corporation which operates as a common carrier by rail, engaged in interstate commerce, conducting business in various states, including the operation of a line of trackage, in Yellowstone County, State of Montana.

5. Defendant has a registered agent for service of process located in Yellowstone County, State of Montana.

6. Defendant has a claims office in Yellowstone County, Montana.

7. Defendant's local managers who removed Plaintiff from work on May 8, 2017 are located in Glendive, Montana and Billings, Montana.

8. Venue is proper in Yellowstone County, Montana.

9. Jurisdiction is proper in Yellowstone County, Montana.

10. This claim is not barred by the statute of limitation or barred by any release.

11. On May 8, 2017, Defendant unlawfully removed Plaintiff from his machinist's job at its Glendive Diesel Shop that he had worked for many years for Defendant. The adverse employment decision was made despite the fact that Plaintiff's medical restrictions had not changed for years; he had been previously approved for work by Defendant's Medical Department and his physicians, and had undergone multiple occupational evaluations to verify his ability to work; and, work was available, and continues to be available, for Plaintiff at Defendant's Glendive Diesel Shop compatible with his medical disability and restrictions.

12. Defendant's conduct is in violation of the Montana Human Rights Act, Title 49, Chapter 2, Part 3, Montana Code, and the Americans with Disabilities Act, 42 U.S.C. §§ 12111, *et seq.*

Complaint
Page 2

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439

13. Following Defendant's removal of Plaintiff from work on May 8, 2017, it failed to place Plaintiff on a paid medial leave, failed to advance pay his wages, failed to timely pay his accrued vacation and sick pay, and has failed to return Plaintiff to work.

14. To recover for Defendant's unlawful conduct, on October 30, 2017, timely filed his Complaint against Defendant for disability discrimination in violation of the Montana Human Rights Act and Americans with Disability Act with the Montana Human Rights Bureau.

15. On April 30, 2018, the Montana Human Rights Bureau concluded its investigation and "found reasonable cause to believe unlawful discrimination occurred." Defendant thereafter refused to participate in conciliation.

16. On October 2-4, 2019, a contested case hearing was held.

17. Plaintiff has attempted to settle his case with Defendant to no avail. Defendant has failed to compensate Plaintiff for his losses as a result of its disability discrimination, including Plaintiff's lost earnings.

18. Under Montana law, Defendant had the duty to have attempted in good faith to effectuate prompt, fair, and equitable settlement of the claim where, as here, there is reasonable cause and/or liability is reasonably clear to support Defendant's unlawful conduct. Instead of complying with its legal duty, Defendant forced Plaintiff to file a disability discrimination complaint and has to date failed to pay Plaintiff's wages and/or return him to work.

19. Defendant's failure to resolve Plaintiff's claim is part of a pattern and practice of Defendant to increase the time and expense of litigation for workers and thereby deprive them of compensation under state and federal law.

20. By refusing to advance pay his lost wages and otherwise compensate him for his

1 losses, Defendant has violated the Montana Unfair Claims Practices Act (Sec 33-18-201, MCA, et seq.; *Reidelebach v. BNSF*, 2002 MT 289; *O'Fallon v. Farmers Ins. Exch.*, 260 Mont. 233, 859 P.2d 1008 (1993)), including:

    a. Failing to promptly respond to communications from Plaintiff; and/or,

    b. Failing to implement and develop reasonable standards for the prompt investigation of claims; and/or,

    c. Failing to effectuate prompt, fair and equitable settlement of Plaintiff's claim; and/or,

    d. Failing to provide a reasonable explanation for the denial of claims or the failure to offer a compromise settlement.

21. By its unlawful conduct and mismanagement, including but not limited to failing to timely and properly resolve Plaintiff's claim, Defendant has also violated § 39-2-703, MCA; *Winslow v. Montana Rail Link, Inc.*, 302 Mont. 289 (2001); *Haux v. Montana Rail Link, Inc.*, 322 Mont. 456 (2004).

22. As a consequence of Defendant's violation of the Montana Unfair Claims Practice Act and § 39-2-703, MCA, Plaintiff has suffered compensatory damages for his unpaid wages and compensation, plus pre-judgment interest; emotional distress; and other damages provided for under the law.

WHEREFORE, Plaintiff TERRY ROD hereby requests that the court and jury award all damages which are reasonable under the circumstances and allowed by law, as set forth herein.

PLAINTIFF DEMANDS TRIAL BY JURY.

KOHN LAW P.A.

By: _____
Kathryn Kohn Troldahl
Jon M. Moyers
Moyers Law P.C.
Attorneys for Plaintiff

Complaint
Page 4

KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439

10/9/20
11:45

RECEIVED

OCT 09 2020

HedgerFriend, PLLC

1  Jon M. Moyers
   MOYERS LAW P.C.
2  3936 Avenue B, Suite D
   Billings, Montana 59102
3  Telephone: (406) 655-4900
   Facsimile: (406) 655-4905
4  jon@jmoyerslaw.com

5  Kathryn M. Kohn
   KOHN LAW, P.A.
6  P.O. Box 390074
   Minneapolis, MN 55439
7  763-259-3686 (work)
   612-597-3899 (cell)
   888-519-3472 (fax)
8  kohnkathryn1@gmail.com

9  Attorneys for Plaintiff

10           MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
                        YELLOWSTONE COUNTY

11  TERRY ROD,                              ) Cause No. DV 19-0542
                                            )
12              Plaintiff,                  ) JUDGE  Jessica T. Fehr
                                            )
13         vs.                              ) SUMMONS
                                            )
14  BNSF RAILWAY COMPANY, a Delaware        )
    corporation,                            )
                                            )
15              Defendant.                  )

16  TO:    BNSF Railway Company

17         You are hereby summoned to answer the Complaint in this action which is filed in the

18  office of this Court, a copy of which is herewith served upon you, and to file your answer and

19  serve a copy thereon upon the Plaintiff's attorney within twenty-one (21) days after the service

20  of this Summons, exclusive of the date of service; and in case of your failure to respond,
    judgment will be taken against you by default for the relief prayed for in the Complaint.

21         WITNESS my hand and seal of said Court this 7th day of May, 2019.

                                            Terry Halpin
22                                          CLERK OF DISTRICT COURT

23  (Seal)

                                            By: _____
24                                              Deputy Clerk

25